The Chief Justice
delivered the opinion of the court.
The sole question upon which the rehearing in this case was granted, and of course the only one necessary now to be decided, is, whether the title to the lot, which is the subject of controversy, passed by the deed of the appellant, admitted to record in June, 1799, in the office of the clerk of the county court of Jefferson, upon the acknowledgement of the appellant and her husband, she being privily and apart from her husband examined by the clerk.
The appellant being at the time of the acknowdedgement of the deed a feme covert, it is perfectly clear, as the law then was, and still remains, that her acknowledgement without a privy examination, could not render the deed effectual to pass her title; and if the clerk had no power to take such examination as was held by the former opinion of this court, it would result as a necessary consequence that the deed was inoperative. Upon re-examination, however, we are inclined to think that the position that the clerk was not authorised to take such examination, is untenable.
Before, and some time after, the separation of this state from Virginia, deeds could only be admitted to record upon acknowledgement or proof in open court. This necessarily interrupted and retarded the progress of the other busi *68 ness of the court, and was often a great inconvenience to the parties themselves. To remedy these mischiefs was no doubt the object of the legislature of this state in the enactment of the various provisions recited in the opinion formerly delivered in this case. By these provisions the clerks are authorised to admit all deeds to record in their offices. By one of them they are required “to receive the “said deeds in their offices out of court and record the same, “taking the acknowledgement and proof of execution as is di“rected by law;” and by another they are authorised to admit deeds, &c. to record, “taking the acknowledgement or “proof in the same manner as if done in open court.”
When a power to do an act is given by statute, every act necessary to effectuate that act is implied.
Now, whether we consult the reason or language of these provisions, the deed of a feme covert would seem to be equally embraced by them. Her case is indeed more directly than that of any other party to a deed within the mischiefs intended to be remedied by those provisions. For, to take her acknowledgement necessarily produces more interruption to the other business of the court than does the taking the acknowledgement of others, and her attendance upon court is frequently more inconvenient and always more embarrassing to herself The deed of a feme covert is therefore obviously within the reason of those provisions; and as to their language, we apprehend a very strained or unnatural construction is not necessary to make it embrace the case.
It is true that the power to take the privy examination of a feme covert is not in so many words conferred upon the clerks out of court, but they have granted to them expressly the power to take the acknowledgement or proof of all deeds, and admit them to record; consequently they must have the power to take the acknowledgement of, and admit to, record, the deed of a feme covert; and this power seems, by necessary implication, to include the power to take her privy examination. For such an examination, as we before observed, is necessary to render the deed effectual; and it is a general rule, that whenever a power to do an act is expressly given, every power necessary to render the act efficient is implied. But the power of the clerks to take such examination is not left to implication only. For, in one of the provisions before recited, the clerks are required to take the acknowledgement “as directed by law,” and in another they are authorised to do it “in the same manner as if done in open court.” Now, as the law directed the ac *69 knowledgement of a feme covert to be taken upon privy examination, and as that was in fact the manner in which it was done in open court, it would seem, from the expressions just cited, that the legislature intended to convey the idea that the clerks should do it in their office in the same way.
Littell for appellant, Hardin and Pope for appellee.
The general if not the universal practice among clerks, has been in conformity to this construction, and considering the great lapse of time which has intervened since the enactment of those provisions, there must be much real estate held under deeds of femes covert, where privy examination and acknowledgment have been taken by the clerks out of court. To give a different construction now, for the first time, to those provisions, would, therefore, be attended with the most mischevious consequences. This consideration is certainly entitled to no inconsiderable weight, and ought, we think, if those provisions were still more doubtful than they are, to be decisive of the present question.
The judgment of the circuit court must, therefore, be affirmed with costs.